IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. YOUNG, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-0615-CV-W-DW |
| J.T. CLINTON, | ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is Plaintiff's Motion to Rule that United States Postal Service is No Longer an Agency of the United States (Doc. 5) and Defendant's Motion to Dismiss (Doc. 6). As Defendant's Motion to Dismiss is dispositive of the case, the Court refrains from ruling on Plaintiff's Motion to Rule that United States Postal Service is No Longer an Agency of the United States. That motion is DENIED as moot.

Plaintiff asserts a workers compensation claim as a Postal Service employee and demands $3,000 from his supervisor for back pay and medical expenses. Defendant removed this case to federal court because it involves employment decisions made by a federal employee in the workplace of a federal entity, the United States Postal Service. 28 U.S.C. § 1442(a)(1); Doc. 1. Defendant now moves to dismiss Plaintiff's petition pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

When a Postal Service employee has a workers compensation claim, he or she is, pursuant to the Federal Employees Compensation Act ("FECA"), required to file the claim with the Office of Workers Compensation Program ("OWCP"), an agency within the United States Department of Labor, and proceed in accordance with the OWCP procedures. 39 U.S.C. §

1005(c); 5 U.S.C. § 8118-8122.

      If a Postal Service employee disagrees with the actions of the OWCP following exhaustion of the administrative remedies, he or she may appeal the actions to the Secretary of Labor. 5 U.S.C. § 8128. The Secretary's determination on the matter is final and not subject to judicial review. 5 U.S.C. § 8128(B)(2); <u>Brumley v. U.S. Dept. of Labor</u>, 28 F.3d 746 (8th Cir. 1994); <u>Stevens v. Office of Workers Compensation Program</u>, 721 F.2d 642 (8th Cir. 2983). As Plaintiff's claim is ultimately a workers compensation claim and subject to the administrative remedies provided for in the OWCP, this court lacks jurisdiction to consider Plaintiff's claims. Accordingly, Defendant's Motion to Dismiss is GRANTED.

      Accordingly, for the forgoing reasons, Plaintiff's Motion (Doc. 5) is DENIED and Defendant's Motion to Dismiss (Doc. 6) is GRANTED.

IT IS SO ORDERED

                                                                /s/ DEAN WHIPPLE
                                                                   Dean Whipple
                                                        United States District Judge

DATE: September 28, 2005